1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT JON L.,

                    Plaintiff,

          v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

Case No. C19-6158 RAJ

**ORDER REVERSING AND
REMANDING FOR FURTHER
ADMINISTRATIVE
PROCEEDINGS**

Plaintiff appeals denial of his application for Disability Insurance Benefits (DIB) based on the agency's determination that he became disabled after his date last insured. Plaintiff contends the ALJ erred by failing to fully account for a medical opinion accorded significant weight, rejecting his testimony, and failing to obtain medical expert testimony to establish the onset date. Dkt. 9.  As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 56 years old, has a high school education, and has worked as a cabinetmaker.  Dkt. 7, Admin. Record (Tr.) 24-25.  Plaintiff applied for both DIB and Supplemental Security Income (SSI), alleging disability as of January 1, 2014.  Tr. 143. Plaintiff's applications were approved based on impairments of multiple sclerosis and depressive/bipolar disorders, accepting his alleged onset date.  Tr. 99, 107, 115, 123-24,

131, 139-40.  However, the Quality Assurance Unit revised the onset date to after his date last insured of December 31, 2015, thus foreclosing DIB but allowing SSI.  Tr. 148-51. On Plaintiff's request, the ALJ conducted a hearing in September 2018 and subsequently issued a decision finding Plaintiff not disabled before his date last insured.  Tr. 32-65, 15-26.

The ALJ found Plaintiff had severe impairments of neurocognitive disorder, depression, anxiety, and substance use disorders in remission, but multiple sclerosis had not been established before the date last insured.  Tr. 18.  Plaintiff could perform simple work at any exertional level and tolerate occasional, superficial interactions with others and simple changes.  Tr. 21.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

**A.    Robert E. Schneider, Ph.D.**

**1.    Medical Opinion**

On January 8, 2014, Dr. Schneider examined Plaintiff, diagnosed him with cognitive disorder, anxiety, and polysubstance abuse in remission, and opined he "needs a slow paced vocational activity that does not tax the speed of his thinking, speed of his learning or the speed of his performance."  Tr. 354, 355.  If Plaintiff were to "return to some kind of work, he will need a job facilitator to help him learn the information that he is required to retain for a job."  Tr. 354.  The ALJ found "all of [Dr. Schneider's] assessments persuasive," and gave his opinions "significant weight."  Tr. 24.  However, the ALJ failed to include any pace limitations or account for a need for a job facilitator in the RFC.  Tr. 21.

The Commissioner offers reasons the ALJ could have rejected portions of Dr. Schneider's opinions.  However, the ALJ did not do so and, instead, accepted all of Dr.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 2

Schneider's opinions.  The Commissioner also argues Dr. Schneider "vacillated" on the job facilitator requirement by using the word "may."  Dkt. 10 at 11.  But Dr. Schneider clearly stated Plaintiff "will need" a job facilitator to help him learn information, and one of the ways a job facilitator "may" help him is with systematizing the information.  Tr. 354.  Dr. Schneider did not vacillate on the need for a job facilitator.

Plaintiff contends Dr. Schneider's observation Plaintiff "needed to continually be interrupted and redirected" during the examination was an opined limitation the ALJ failed to incorporate in the RFC.  Tr. 353; Dkt. 9 at 3.  However, this observation was not an opined limitation on Plaintiff's work-related abilities that Dr. Schneider included in the "Impressions" section of his report.  Tr. 354-55.  And the ALJ's limitation to "occasional, superficial interactions with others" accounted for the interaction limitation Dr. Schneider did opine, that Plaintiff should not "wor[k] with the public or provid[e] any kind of customer service."  Tr. 21; Tr. 355.

The Court concludes the ALJ erred by failing to fully incorporate Dr. Schneider's opined limitations of slow pace and a job facilitator in the RFC.

## 2.      Scope of Remand

Plaintiff contends on remand he must be awarded benefits because Dr. Schneider's opined limitations preclude competitive work.  He argues the requirement of a job facilitator is a "special condition" inconsistent with competitive employment under 20 C.F.R. § 404.1573(c).  That regulation is not applicable here.  It provides if a claimant is working under special conditions, an ALJ "may find" the work does not show the claimant can perform substantial gainful activity.  The ALJ is not required to as a matter of law, and this Court cannot make its own findings.  *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015).  In any case, the regulation addresses work a claimant actually performed, not a medical opinion as to what a claimant can do.  Moreover, Dr. Schneider's opinion states Plaintiff will need a facilitator "initially" to learn required information, not necessarily on an ongoing basis, a situation the regulation does not address.  Tr. 354.  It is the ALJ on remand, not this Court, who should translate Dr.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 3

Schneider's opinions into restrictions in the RFC. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (upholding ALJ's "translat[ion]" of claimant's condition into "concrete restrictions" where "consistent with the restrictions identified in the medical testimony").

Plaintiff contends vocational expert testimony establishes Dr. Schneider's pace limitation precludes competitive work. Plaintiff relies, however, not on Dr. Schneider's opined limitation but on raw medical evidence contained in his report. Dr. Schneider performed tests showing Plaintiff "scored at the 10th percentile on Trails A, a measure of speed when performing a simple, overlearned task and below the 1st percentile on Trails B, a measure of speed when performing a more complex task that requires information processing." Tr. 352. At the hearing, Plaintiff's attorney asked the vocational expert whether a person "in the first percentile for tasks that require information processing and the tenth percentile for simple over learned tasks" compared to other workers could maintain competitive employment. Tr. 62. The vocational expert stated she had "limited understanding of … cognitive testing and the results of that" but testified "the numbers that you are providing me … would indicate that someone would be substantially limited. It would be difficult for them to perform a job." Tr. 63. But Dr. Schneider did not opine the test results translated directly into work abilities compared to other workers. And although the vocational expert attempted to translate the test results into vocational terms, test results are medical evidence, interpretation of which is outside the scope of a vocational expert's role. Because the test results were not part of Dr. Schneider's opinions and the vocational expert was not qualified to opine on the functional implications of medical evidence, the Court cannot conclude the ALJ would be required to award benefits on remand. *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (remand for benefits only permitted where "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand"). The Court concludes remand for further proceedings is appropriate.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 4

**B.     Plaintiff's Testimony**

On remand, the ALJ should also reconsider Plaintiff's testimony.  The ALJ noted Plaintiff's testimony of fatigue, cognitive problems, and lower extremity pain and numbness but rejected "his subjective belief that the symptoms he described were from MS during the Title II insured period."  Tr. 22.  The ALJ did not, however, address whether Plaintiff's symptoms were disabling.  The Commissioner contends Plaintiff had little treatment, did not follow medical recommendations, was able to perform normal activities of daily living, and had symptoms that may have been due in part to substance abuse and longstanding hepatis C.  Dkt. 10 at 5.  The ALJ did not, however, offer any of these as reasons to discount Plaintiff's testimony of symptom severity.  The Commissioner's argument is thus an improper *post hoc* argument on which the Court cannot rely.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 1995).

Plaintiff argues his testimony of "problems being on his feet" establishes disability because he is limited to sedentary work.  Dkt. 9 at 8.  It is the ALJ's role to translate Plaintiff's testimony into RFC limitations.  *Cf. Stubbs-Danielson*, 539 F.3d at 1174. This Court cannot equate Plaintiff's lower extremity problems to a sedentary level of work.  Remand for further proceedings is appropriate.

**C.     Medical Expert to Establish Onset Date**

Plaintiff contends the ALJ erred by failing to call a medical expert to help establish the onset date when his multiple sclerosis became disabling.  "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."  *Mayes v. Massanari,* 276 F.3d 453, 459–60 (9th Cir. 2001).  Here, the ALJ acknowledged ambiguity in the record.  The ALJ noted Plaintiff complained of fatigue since July 2015.  Tr. 18.  The ALJ found it "cannot be concluded that fatigue was not a consequence of untreated hepatitis C, rather than MS."  Tr. 23.  In other words, it was *possible* Plaintiff's fatigue was not due to multiple sclerosis.  This does not amount to a finding that his

fatigue was not caused by multiple sclerosis, or that his multiple sclerosis did not become disabling before December 31, 2015.  Where "the date of onset is unclear" the ALJ "commit[s] reversible error by failing to call a medical expert before inferring an onset date." *Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 589 (9th Cir. 1998).  The Court concludes the ALJ erred by failing to further develop the record, including calling a medical expert.

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should reevaluate Plaintiff's testimony; reassess the RFC as appropriate, including incorporating Dr. Schneider's opinions; and proceed to step five as necessary.

DATED this 7th day of July, 2020.

The Honorable Richard A. Jones
United States District Judge

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 6